## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | | |
|---|---|---|
| **Republic Franklin Insurance Company,** | ) ) ) | |
| **Plaintiff,** | ) ) | **CIVIL ACTION NO.** |
| **v.** | ) ) | _____ |
| **The Alliance Group Inc., Reliable Sanitation, Inc., Samuel Martin, and Shellie Arnold,** | ) ) ) ) | |
| **Defendants.** | ) ) | |

## COMPLAINT FOR DECLARATORY RELIEF

Republic Franklin Insurance Company files this Complaint against The Alliance Group Inc., Reliable Sanitation Inc., Samuel Martin, and Shellie Arnold seeking a declaration that it does not have a duty to defend or indemnify Alliance in connection with a claim by Reliable for a wrongful act by Alliance during the procurement of a liability policy issued by Great Divide Insurance Company (the "Reliable Claim").

## PARTIES

**1.** Republic Franklin Insurance Company is a corporation incorporated under the laws of Ohio and has its principal place of business in Ohio.

**2.** The Alliance Group Inc. is a corporation incorporated under the laws of Georgia, with its principal place of business in Florida.

**3.** Upon information and belief, Reliable Sanitation Inc. is a corporation incorporated under the laws of Georgia and has its principal place of business in Georgia.

**4.** Upon information and belief, Shellie Arnold is domiciled in Georgia.

**5.** Upon information and belief, Samuel Martin is domiciled in Georgia.

## JURISDICTION & VENUE

**6.** Under 28 U.S.C. § 1332, this Court has original jurisdiction over this action because the plaintiff and all of the defendants are citizens of different states and the amount in controversy exceeds $75,000.00, excluding interest and costs. *See* 28 U.S.C. § 1332(a).

**7.** Under 28 U.S.C. § 1391, proper venue lies in this District because a substantial part of the events or omissions giving rise to Republic's claims occurred and continue to occur in this District. *See* 28 U.S.C. § 1391(b)(2).

## **FACTUAL BACKGROUND**

**8.**     Alliance procured an insurance policy, No. BAP2025335-10, for Reliable from Great Divide.

**9.**     The Great Divide policy includes a Named Driver Exclusion Endorsement (Form BSUM CA 01 05 14) identifying Samuel Martin as an excluded driver.

**10.**     On September 20, 2018, Martin, while driving a Reliable vehicle, was involved in an accident with Shellie Arnold.

**11.**     On the day of the accident, Reliable reported the incident to Alliance.

**12.**     Following the accident, Arnold sued Martin and Reliable for damages from injuries allegedly sustained in the accident.

**13.**     Great Divide maintains there is no coverage under its policy because Martin was an excluded driver per the Named Driver Exclusion.

**14.**     Reliable denies executing the Named Driver Exclusion and claims it was unaware that Martin was not covered under the Great Divide policy.

**15.**     Alliance allegedly applied Reliable's signature to the Named Driver Exclusion without Reliable's knowledge during the procurement of the Great Divide policy.

16.     Alliance procured the Great Divide policy for Reliable on or before January 31, 2018, which is the effective date of that policy. Alliance, accordingly, committed the alleged wrongful act before January 31, 2018.

17.     Based on that wrongful act, Reliable demanded that Alliance defend or indemnify it against the lawsuit by Arnold.

18.     On December 21, 2018, Tyson Jones was an employee of Alliance.

19.     On December 21, 2018, Tyson Jones gave notice of the potential Errors and Omissions claim by Reliable to an Errors and Omissions insurer that is unaffiliated with Republic. **Ex. A**.

20.     Despite another Errors and Omissions insurer receiving notice on December 21, 2018 of the accident and the potential errors and omission claim by Reliable, Alliance did not notify Republic until May 22, 2020.

21.     In its Notice of Claim or Incident report to Republic, Alliance identified an October 4, 2018 email as the time Alliance was first charged with the alleged error. **Ex. B**.

22.     On August 4, 2020, Republic agreed to defend Alliance against the Reliable Claim, but under a complete reservation of rights because coverage may be barred.

23.     Republic reserved its rights because Alliance failed to provide timely notice as required by the Republic policy, among other grounds.

24.     Republic also reserved its rights to deny coverage because the October 4, 2018 email identified in Alliance's Notice of Claim or Incident report was a claim first made against Alliance before the Republic policy incepted on November 27, 2019.

25.     Republic further reserved its rights because Alliance had knowledge, prior to the inception of the policy, that the Named Driver Exclusion was signed without Reliable's consent.

26.     Since Alliance allegedly signed the Named Driver Exclusion without Reliable's consent, Republic reserved its rights because Alliance acted intentionally, criminally, fraudulently, dishonestly, maliciously, knowingly, or willfully.

27.     Republic also reserved its rights under the policy's Fiduciary Status exclusion since Alliance was acting in a position of trust as Reliable's insurance broker during the procurement of the Great Divide Policy.

28.     In its August 4, 2020 reservation of rights letter to Alliance, Republic requested a copy of the October 4, 2018 email Alliance identified in its Notice of Claim or Incident Report, among other things.

29.     Alliance did not provide a copy of the October 4 email.

**30.**     On October 13, 2020, Republic renewed its request for information and again requested from Alliance a copy of the October 4 email.

**31.**     As of this Complaint, Alliance has not provided a copy of the October 4 email to Republic—a failure of its duty to cooperate with Republic's investigation of the Reliable Claim.

## REPUBLIC E&O POLICY

**32.**     Republic issued a Claims-Made Insurance Agents and Brokers Errors and Omissions Liability Policy, No. 1431279 EO, and effective November 27, 2019 to November 27, 2020 ("E&O Policy"), to Alliance. **Ex. C**.

**33.**     The insuring agreement of the E&O Policy, in relevant part, provides:

b. This insurance applies only to "wrongful acts" which take place: …

(2) During the "policy period" and "claim" is first made against any insured during the "policy period" or any Extended Reporting Period provided; or

(3) Prior to the "policy period", but on or after the Retroactive Date, if any, shown in the Declarations for this policy, provided that prior to the effective date of this policy:

(a) The insured did not give notice to any prior insurer of such "wrongful act"

(b) The insured had no knowledge that such "wrongful act" was likely to give rise to a "claim" hereunder; and

(c) The "claim" is first made against any insured during the "policy

period" or any Extended Reporting Period provided.

(Form 14-P-EOA Ed. 09-2012, Pg. 3/12.)

**34.**    "Wrongful Act" means "any negligent act, negligent error, negligent

omission, or 'personal injury' committed by an insured in the lawful performance of

their duties for you." (Form 14-P-EOA Ed. 09-2012, Pg. 2/12.)

**35.**    "Claim" means "a written demand or written notice, including service

of a subpoena, 'suit' or demand for arbitration, received by one or more insureds

which alleges a 'wrongful act' or asks for money or services." (Form 14-P-EOA Ed.

09-2012, Pg. 1/12.)

**36.**    The insuring agreement of the E&O Policy, in relevant part, provides

that the loss must arise out of wrongful acts "committed in the conduct of the

insured's business, by the insured or any person for whose 'wrongful acts' the

insured is legally liable in rendering or failing to render professional services for

others…[.]" (Form 14-P-EOA Ed. 09-2012, Pg. 3/12.)

**37.**    The E&O Policy contains an Intentional, Fraudulent, Criminal or

Malicious Acts exclusion, which eliminates coverage for any claim directly or

indirectly, in whole or in part, arising out of, involving resulting from or caused by:

Any intentional, criminal, fraudulent, dishonest, malicious, knowing or willful conduct committed or alleged to have been

**7**

committed by or at the direction of any insured. If a "suit" is brought against an insured alleging both "wrongful acts" within the coverage of the policy and intentional, criminal, fraudulent, dishonest, malicious, knowing or willful conduct, then we will defend the insured in the trial court, but we shall not have any liability for any judgment for intentional, criminal, fraudulent, dishonest, malicious, knowing or willful conduct nor shall we have any further obligation to defend after judgment in the trial court. This exclusion applies only to insureds who are alleged to have participated in, obtained a financial benefit from, acted with knowledge of, acquiesced to, or disregarded such conduct.

We shall be entitled to recover from any insured who is determined or adjudged to have committed, or directed the commission of, any intentional, criminal, fraudulent, dishonest, malicious, knowing, or willful conduct, or who has admitted to engaging in such conduct, any and all "claim expense" incurred in defending a "claim" against any insured that in any way is based upon or related to such conduct.

(Form 14-P-EOA Ed. 09-2012, Pg. 4/12.)

38. The E&O Policy also contains a Fiduciary Status exclusion that excludes coverage for any claim directly or indirectly, in whole or in part, arising out of, involving, resulting from, or caused by "[t]he insured's status as a fiduciary."

(Form 14-P-EOA Ed. 09-2012, Pg. 6/12.)

39. Further, the E&O Policy's late notice provision, in relevant part, provides:

**1. Duties In The Event Of Wrongful Act, Claim Or Suit**

**a.** You must see to it that we are notified in writing as soon as practicable of any

**8**

"wrongful act" which may result in a "claim".

To the extent possible, notice should include:

**(1)** How, when and where the "wrongful act" took place;

**(2)** The names and addresses of persons involved in the "wrongful act" and witnesses; and

**(3)** The nature of the harm resulting from the "wrongful act".

**b.** If a "claim" is received by an insured, you must:

**(1)** Immediately record the specifics of the "claim" and the date received; and

**(2)** Notify us as soon as practicable.

You must see to it that we receive written notice of the "claim" as soon as practicable.

**c.** You and any other involved insured must:

**(1)** Immediately send us copies of any demands, notices, summonses, subpoenas or legal papers received in connection with the "claim" or "suit";

**(2)** Authorize us to obtain records and other information;

**(3)** Cooperate with us in the investigation, settlement, or defense of:

**(a)** Any "claim" or "suit"; or

**(b)** Facts or circumstances which may subsequently give rise to a "claim"; …

(Form 14-P-EOA Ed. 09-2012, Pgs. 8, 9/12.)

## COUNT I – DECLARATORY RELIEF

**40.**     Republic repeats and re-alleges the allegations in the preceding paragraphs.

**41.**     Republic seeks the Court's declaration of the parties' rights and duties under the E&O Policy pursuant to 28 U.S.C. § 2201.

**42.**     A justiciable controversy exists between Republic and Alliance about whether the E&O Policy provides coverage for the Reliable Claim.

**43.**     The controversy between Republic and Alliance is ripe for judicial review.

**44.**     Republic respectfully requests this Court declare that there is no coverage under the E&O Policy for the Reliable Claim because notice by Alliance to Republic was untimely.

**45.**     Under the E&O Policy, as a condition precedent to coverage, Alliance was required to notify Republic in writing "as soon as practicable" of any wrongful act that may result in a claim or after receiving a claim.

**46.**     Despite (i) committing the wrongful act of signing the Named Driver Exclusion prior to January 31, 2018, (ii) knowing on September 20, 2018 that Martin, the excluded driver, had been involved in an accident while driving a Reliable vehicle, and (iii) with notice being provided to another insurer on December

21, <u>2018</u>, Alliance did not notify Republic of a claim or potential claim until May 22, <u>2020</u>.

**47.**     Alliance failed to comply with the notice requirements of the E&O Policy.

**48.**     Republic further requests that this Court declare that there is no coverage under the E&O Policy because the Reliable Claim, which is based on a wrongful act that predates the policy period, was also first made against Alliance prior to the policy period and, therefore, Alliance cannot satisfy the insuring agreement of the E&O Policy.

**49.**     Similarly, Republic asks this Court to declare that there is no coverage under the E&O Policy because Alliance cannot satisfy the insuring agreement since it had knowledge that its wrongful act would likely lead to a claim prior to the policy period, which is evident from the notice to another E&O insurer on December 21, 2018.

**50.**     Republic also asks this Court to declare that there is no coverage under the E&O Policy because Alliance cannot satisfy the insuring agreement to the extent the wrongful act was not committed in the conduct of Alliance's business since Olde Vinings, an independent insurance brokerage firm with no affiliation to Alliance, gave notice of the Reliable Claim to its own Errors and Omissions insurer.

**51.**   Republic further requests this Court declare that the E&O Policy's Intentional, Fraudulent, Criminal Or Malicious Acts exclusion eliminates coverage for the Reliable Claim because Alliance allegedly acted intentionally, fraudulently, dishonestly, maliciously, knowingly, or willfully when it signed the Named Driver Exclusion without Reliable's consent.

**52.**   Last, Republic requests this Court declare that the Fiduciary Status exclusion eliminates coverage under the E&O Policy because Alliance signed the Named Driver Exclusion without Reliable's consent while acting in a position of trust as Reliable's insurance broker.

## **RELIEF REQUESTED**

For the reasons set forth in this Complaint, Republic requests a declaratory judgment from the Court that Republic, under the terms of the E&O Policy, does not have a duty to defend or indemnify Alliance against the Reliable Claim, as well as any other relief the Court deems just and proper.

February 25, 2021.                   Respectfully submitted,
                                     **GORDON & REES**

                                     */s/ Ryan Fellman*
                                     **B. RYAN FELLMAN**
                                     Georgia Bar No. 140804
                                     rfellman@grsm.com
                                     2200 Ross Avenue, Suite 3700
                                     Dallas, Texas 75201
                                     214-231-4660 (Telephone)
                                     214-461-4053 (Facsimile)

                                     **ATTORNEYS FOR PLAINTIFF
                                     REPUBLIC FRANKLIN INSURANCE
                                     COMPANY**